UNITED STATES DISTRICT COURT
DISTRICT COURT DIVISION

| | |
|---|---|
| KENNETH M. WHITE and ) <br> MANDY DIAS, ) <br>       Plaintiffs, ) <br> ) <br> VS. ) <br> ) <br> ERIC MADONNA and the ) <br> CITY OF FALL RIVER, ) <br>       Defendants. ) <br> ) | DEFENDANTS' MOTION <br> TO STAY |

Now come the defendants, Eric Madonna and the City of Fall River and moves this Honorable Court to Stay the civil proceedings pending in this litigation as the defendant, Eric Madonna , has been deployed for 545 days and is in active duty service.

Stay proceedings are governed by 50 App. USCA Section 522 in any civil action in which plaintiff or defendant is in the military service. Such law provides that "[a]t any stage before final judgment in a civil action or proceeding in which a service member . . . is a party, the court may on its own motion and shall, upon application by the service member, stay the action for a period of not less than ninety days, if the conditions in paragraph (2) are met." Paragraph (2) states:

An application for a stay under paragraph (1) shall include the following:

(A)   A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the service member's ability to appear and stating a date when the service member will be available to appear.

(B) A letter or other communication from the service member's commanding officer stating that the service member's current military duty prevents appearance and that military leave is not authorized for the service member at the time of the letter.

50 App. USCA 522 (b)(2).

Attached hereto as Exhibit "A" is an Affidavit by Colonel Virginia Barham. Said Affidavit clearly notes that the defendant, Eric Madonna, was mobilized on January 4, 2005 with the 172 Infantry Company to Fort Stewart, Georgia. It further notes that his deployment orders identify a 545 day deployment.

The present action brought by plaintiff sounds primarily in civil rights violations. Defendant, Eric Madonna is the primary witness for the defense of his case and that of the City of Fall River and with his absence and testimony, the defendants have little defense. In short, the defendants' ability to defend the suit is materially affected by reason of Mr. Madonna's military service. The Soldiers and Sailors Civil Relief Act (SSCRA) is to be administered as instrument to accomplish substantial justice, even though this may result in detriment to parties who are not in military service. Soldiers' and Sailors' Civil Relief Act of 1940, §§501 et seq.., as amended, 50 App. U.S.C.A. §§501 et seq.. In re Watson, 292 B.R. 441 (Bankr. S.D. Ga. 2003).

Respectfully submitted,<br>
City of Fall River<br>
By it Attorney<br>
<br>
Gary P. Howayeck<br>
Special Assistant Corporation Counsel<br>
BBO #630053<br>
Law Department, One Government Center<br>
Fall River, MA 02722<br>
(508) 324-2650

Dated: April 11, 2005

## CERTIFICATE OF SERVICE

I, Gary P. Howayeck, Esq., hereby certify that I have served the Defendant's Motion to Stay this day by first class mail, postage prepaid to James Hodgson, Esquire of Beauregard, Burke and Franco, 32 Williams Street, New Bedfrod, MA 02740 and Brian Corey, Jr., Esquire, 1041 Main Road, Westport, MA 02790.

_____
Gary P. Howayeck, Esq.
Special Assistant Corporation Counsel

Dated: June 3, 2005