UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-CV-10991-NG

KENNETH M. WHITE
and MANDY DIAS,
Plaintiffs

V.

ERIC MADONNA
and CITY OF FALL RIVER
Defendants

**ORDER ON**

**PLAINTIFFS' MOTION FOR SANCTIONS**

**(Docket #23)**

**and**

**DEFENDANTS' MOTION TO STAY**

**(Docket #27)**

ALEXANDER, M.J.

The plaintiffs in this case, Kenneth M. White and Mandy Dias, have filed a motion for sanctions on the basis that the defendants, the City of Fall River (the "City") and Eric Madonna, a Fall River police officer, failed to obey an order of this Court directing the defendants to respond to the plaintiffs' discovery requests.

In response, the defendants have filed a motion to stay the proceedings because Mr. Madonna is currently on active duty in the military. For the reasons set forth more fully below, the Court ALLOWS the plaintiffs' motion for sanctions and ALLOWS the defendants' motion to stay.

**Relevant Background**

The plaintiffs filed suit against Mr. Madonna and the City alleging civil rights violations and police brutality stemming from an incident that occurred on April 27, 2002. While off-duty and at a drinking establishment, Mr. Madonna subdued another patron of the establishment by forcing him to the ground, placing him in handcuffs, and arresting him. The plaintiffs state that they did not realize that Mr. Madonna was a police officer and that they therefore tried to intervene. Mr. Madonna thereafter handcuffed and searched the plaintiffs, and, according to the plaintiffs, falsely accused them of assault and battery of a police officer.

The plaintiffs initiated this action of May 3, 2004. Following an unsuccessful mediation, the parties appeared before this Court on February 28, 2005, for a status conference. This Court allowed a motion by the plaintiffs to modify the scheduling order and in an electronic order regarding the motion stated, *inter alia*, that "[t]his Court does take note . . . that the defendant, Eric Madonna, is in military service in Iraq. Discovery shall continue, particularly with respect to

the City of Fall River. If an issue develops respecting Mr. Madonna the parties shall inform the Court."

Despite the Court's Order, the defendants failed to respond to the plaintiffs' discovery requests, originally served in September 2004, and the plaintiffs therefore filed motions to compel, on March 25, 2005. The defendants filed no opposition. On April 29, 2005, this Court issued an Order (the "April 29 Order") allowing the plaintiffs' motions and ordering the defendants to "answer the plaintiffs' interrogatories and respond to the plaintiffs' document requests, or to demonstrate to this Court why they are unable to do so, within ten days of receipt of this Order."

The defendants neither responded to the plaintiffs' requests, as ordered, nor made any attempt whatsoever to demonstrate to the Court why they were unable to do so. The plaintiffs thereafter filed their motion for sanctions, and in response the defendants filed their motion to stay.

**Legal Analysis**

The basis for the defendants' motion to stay is that Mr. Madonna is currently serving a 545 day deployment with the military. Under the Servicemembers Civil Relief Act, 50 App. U.S.C.A. § 522 (the "Act"), a court must stay proceedings in which a plaintiff or defendant is currently in active service. "At any stage before

final judgment in a civil action or proceeding in which a servicemember described in section (a) is a party, the court . . . shall, upon application by the servicemember stay the action for a period of not less than 90 days if the conditions of paragraph (2) are met." 50 App. U.S.C.A. § 522(b)(1).

A servicemember under section (a) is defined as a plaintiff or defendant that at the time of filing is in military service and has received notice of the action. Id. at § 522(a). Paragraph (2) mandates that the party seeking a stay submit a letter detailing the manner in which military duty requirement materially affects the stay and a letter from the servicemember's commanding officer stating that the military service prevents an appearance. Id. at § 522(b)(2). The defendants submitted, with their motion to stay, an affidavit from a Personnel Officer for the Joint Forces Headquarters, testifying to Mr. Madonna's deployment, and Mr. Madonna has otherwise met the requirements of the statute. This court is therefore bound to stay the proceedings as to Mr. Madonna.

Although the Court must grant a motion for stay for a party that is actively in military service, the Court has discretion in determining whether to extend this stay to other parties in the case who are not actively in military service. Barry v. Keeler, 322 Mass. 114, 121, 76 N.E.2d 158, 161 (1947) (whether co-defendant who was not in military service at time of trial was entitled to continuance was for

judge to determine in exercise of sound judicial discretion); see also Boone v. Lightner, 319 U.S. 561, 565 (1943) ("judicial discretion thereby conferred on the trial court . . . was the very heart of the policy of the Act").

The City asserts, and this Court agrees, that its ability to prepare an adequate defense will be materially affected without the availability of Mr. Madonna. Furthermore, proceeding with two separate trials would be an ineffective use of resources for both the parties and the Court. The Court therefore ALLOWS the defendants' motion to stay the proceedings as to both Mr. Madonna and the City pending the conclusion of Mr. Madonna's deployment.

Although the Court is allowing the defendants' motion to stay, the defendants' failure to abide by this Court's April 29 Order has not gone unnoticed, and the plaintiffs' motion for sanctions was sagaciously filed. When a court orders a party to take certain action, that party must comply or face the consequences. The Court therefore ALLOWS the plaintiffs motion for sanctions and awards the plaintiffs the sum of $500 for expenses and attorneys fees for work in seeking the defendants' compliance with discovery. The fees awarded shall be paid by the defendants within thirty (30) days of receipt of this Order.

SO ORDERED.

| | |
|---|---|
| <u>6/30/05</u> | <u>/S/ Joyce London Alexander</u> |
| Date | United States Magistrate Judge |