UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10991-NG

| | |
|---|---|
| KENNETH M. WHITE and<br>MANDY DIAS<br><br>  Plaintiff<br><br>vs.<br><br>ERIC MADONNA and CITY OF<br>FALL RIVER,<br><br>  Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT PRE-TRIAL MEMORANDUM**

Pursuant to U.S. District Court, District of Massachusetts, Local Rule 16.5(D), the parties herewith submit their final Pre-Trial Memorandum

**I. Statement of the Case**

Plaintiffs Kenneth M. White and Mandy Dias filed suit against defendants Eric Madonna and the City of Fall River, Massachusetts, in U.S. District Court on May 3, 2004. The Complaint alleges violations of plaintiffs' Constitutional rights, pursuant to 42 U.S.C. §1983 (Counts I and VI). Further, plaintiffs assert intentional tort claims against defendant Eric Madonna for assault and battery (Count II), false arrest and imprisonment (Count III), malicious prosecution (Count IV), and intentional infliction of emotional distress (Count V).

The defendants answered the Complaint and denied any wrongdoing.

Written discovery and party and witness depositions have been completed.

The parties participated in the U.S. District Court's ADR Program for non-binding mediation but were notable to resolve the case.

## II.     Statement of the Expected Evidence

A.     <u>Plaintiff Kenneth M. White's Statement</u>:

Plaintiff Kenneth White is a 48-year-old plumber who resides in Swansea, Massachusetts. On April 27, 2002, at approximately 12:45 a.m., White stopped at Davol Street Station, a tavern in Fall River, Massachusetts, after driving his evening's companion home. Mr. White had consumed one beer at another drinking establishment before arriving at Davol's.

Mr. White ordered a light beer at the bar of Davol's. Immediately he noticed a small crowd looking out the window of the saloon. Mr. White joined them and, looking out the window at the parking lot, he noticed a burly man in street clothes straddled across the back of a young woman whom he had pinned to the pavement. White did not recognize either party. From his vantage point, White did not see anyone else in the parking lot and no one helping the young lady. As a good samaritan, White exited the bar and approached the scene. Mr. White noticed no more than a half-dozen other people standing about. Standing at least eight to ten feet away, Mr. White addressed the male figure and said, "What are you doing there? That's no way to treat a girl." At no point did Mr. White touch or move toward the male aggressor who did not immediately respond or identify himself.

At this point, a police cruiser approached the parking lot and Mr. White thought to himself, "Good-- now he's in trouble." When the cruiser stopped, the aggressor, later identified as Defendant Eric Madonna, released his hold on the young woman and

advanced toward White. He slammed Mr. White against an automobile and pummeled him about the face and arms. White was now in the grasp of a uniformed patrolman. Together, the uniformed officer (later identified as David Gouveia) and Madonna handcuffed and arrested White on unspecified charges. White was transported by another policeman to the police station where he was formally arrested for disorderly conduct and resisting an arrest.[1]

The next day, White visited the emergency ward at St. Anne's Hospital, Fall River, where he was examined, x-rayed, and treated for facial abrasions, a ruptured eye socket, swollen cheeks, and bruises and contusions to his upper body.

Defendant Eric Madonna's career as a police officer is peppered with off-duty violence. In 1993 or 1994, he was arrested for assault and battery on a police officer. In 1996 he was involved in a physical altercation at the "Down Under," another Fall River saloon, with his brother and a third party. In 2001, he was involved in a fistfight with several firefighters at a Fall River fire station. This event was cursorily investigated by the Fall River Police Department but no charges, discipline, or reprimand ensued. Only a few days later, Madonna was involved in another fistfight at "Dirty Harry's," a noted "cop bar" in New Bedford. This incident was investigated by the New Bedford Police Department but no report was filed. Further, the precipitating event in this case was a parking lot fistfight between Madonna and a Davol's bar patron who had allegedly offended Madonna's female companion. Finally, between 1997 and 2002, Madonna has been the

---

[1] All charges against Mr. White (and Ms. Dias) were later dismissed after a five day Magistrate's hearing on probable cause in the Fall River District Court (Bristol County, Massachusetts). Criminal charges of assault and battery were filed against Eric Madonna by the Commonwealth of Massachusetts and that matter proceeded to trial.

subject of ten individual citizen complaints for physical abuse exercised in his official capacity as a Fall River police officer.

During his deposition in this case, Madonna was demonstrably belligerent, at one point rising to his feet, shaking his fist, and placing plaintiffs' attorneys in actual fear of imminent harm.

In response to charges filed against Madonna by both Ms. Dias and Mr. White, the Fall River Police Department conducted an internal investigation of the incident. Remarkably, no witnesses were interviewed. Although lengthy statements were taken, recorded and videotaped from Mr. White and Ms. Dias, the investigating internal affairs officer never interviewed Madonna. Madonna was not required to make a written statement concerning the incident, nor was he asked for any latter day statement other than his routine arrest report. Madonna's supervising lieutenant was not interviewed by the internal affairs unit nor were any of the many Fall River policemen who ultimately responded to the scene on April 27th.

No suspension, discipline, or reprimand ensued against Madonna by the Fall River Police Department following its cursory investigation.

During the five-day Clerk's hearing on criminal charges filed by, against and between Madonna, White and Dias, Madonna's testimony was inconsistent in significant areas with his own arrest report, his later deposition testimony, and the testimony of other police officers.

B.  <u>Plaintiff Mandy Dias' Statement</u>:

Plaintiff Mandy Dias, currently 26 years old, was at all times relevant an office worker and student who resided in Fall River, Massachusetts. On April 27, 2002, at

approximately midnight, Ms. Dias visited Davol Street Station, a duly licensed tavern in Fall River, Massachusetts, in company with her aunt and cousin. The three women had just returned from seeing a musical theater production in Providence, Rhode Island. Ms. Dias had not consumed any alcoholic beverages earlier that evening.

Inside the popular saloon, Ms. Dias consumed half of one beer and left the premises within one-half hour.

Upon leaving Davol's, and while walking across the parking lot to her automobile, Ms. Dias observed two men dressed in street clothes beating and kicking a third man who was prostrate on the ground. Ms. Dias noticed no other persons in the parking lot. Ms. Dias did not recognize any of the three men and did not directly intervene. Instead, she went to her motor vehicle to make a cell phone call to 911 because she was alarmed at the severity and one-sided nature of the beating.

As she was talking to the 911 operator, Ms. Dias heard unidentifiable voices at the fight scene saying "off-duty police" and "get back in the bar." Ms. Dias told the 911 operator that she thought a police officer was in trouble and to send help. As she was talking, Ms. Dias was accosted by a female who told her to get off the phone. This woman, who was later identified as Diane Aguiar, a friend and evening companion of the defendant Eric Madonna, began to throttle Ms. Dias.

As the two women struggled, Defendant Eric Madonna, one of the aggressors in the fistfight, left that fracas and advanced toward the two women. Madonna punched Ms. Dias in the face with his closed fist knocking her to the ground. There he straddled Ms. Dias and pinned her to the pavement with his knee. Only then did Madonna identify himself as a police officer.

Later, when a uniformed officer arrived on the scene, apparently in response to the 911 call, Ms. Dias was formally arrested by Madonna for "resisting an arrest," handcuffed, and taken into custody.

After Ms. Dias was formally charged at the police station,[2] she was released in the custody of her father who drove her to the emergency ward of Charlton Memorial Hospital, Fall River. Ms. Dias was examined, x-rayed, and treated for facial abrasions, lacerations of her neck, a swollen cheek, and bruises and contusions to her shoulders, arms and back.

C.    Defendants Eric Madonna's and City of Fall River's Statement

Defendant Eric Madonna is a Fall River Police Officer who has dedicated ten years of service to the Fall River Police Department. On April 27, 2002 at approximately 1:00 a.m., off-duty officers Eric Madonna and James Smith arrived at Davol Street Station to have a social drink. Earlier in the evening Officer Madonna had attended a charity event for the Make-A-Wish Foundation before meeting Officer Smith at another establishment. Officer Madonna had only consumed 2-3 light beers well before arriving at Davol Street Station (hereinafter 'Davol').

Upon arrival at Davol, Officer Madonna ordered a light beer then joined the company of Officer Smith, Diane Aguiar and Lisa Pacheco. Both Officer Madonna and Officer Smith agree that, while engaged in conversation Mr. Leonardo was intentionally and aggressively bumping into Officer Madonna. Mr. Leonardo then became verbally and physically aggressive, assaulting Officer Madonna. The two officers attempted to apprehend Mr. Leonardo while pulling out their badges and identifying themselves as

---

[2]  All charges against Ms. Dias (and Kenneth White) were later dismissed after a five day Magistrate's hearing on probable cause in the Fall River District Court.

police officers. However, due to Mr. Leonardo's repeated attempts to resist arrest and the unruliness of the other patrons, the officers were forced to move Mr. Leonardo outside. Officer Madonna was then able to complete a phone call to the police department for assistance.

Mr. Leonardo was found guilty of resisting arrest, two counts of assault and battery on a public employee, disorderly conduct and disturbing the peace, receiving two and one-half years in a Massachusetts house of correction facility due to his behavior and actions on the night of the incident.

Officers Smith and Madonna assert that while waiting for further assistance to arrive, a hostile crowd of about twenty people gathered outside. This same crowd was also witnessed by Officer Gouveia, who reported he saw twenty persons in the parking lot upon his arrival. Officers Madonna and Smith assert that they continued to identify themselves verbally while also showing their badges.

Both officers assert that Mandy Dias was a verbal presence in the crowd shouting at the Officers. At some point Ms. Dias and Ms. Aguiar became verbally hostile towards one another. Officer Madonna states that he heard arguing and saw Ms. Dias claw at Ms. Aguiar's face and push her to the ground. Officers Madonna and Smith both allege that at this point Lisa Pacheco intervened and tackled Ms. Dias to the ground. Officer Madonna then proceeded over and told Ms. Dias she was under arrest for assault and battery. Officer Madonna then positioned himself above Ms. Dias with one knee on the ground and one over her back (a technique he learned at police training) while he waited for police assistance. Both Officer Smith and Officer Madonna confirm that Ms. Dias resisted her arrest and continued to incite the crowd.

Criminal complaints were issued against both Diane Aguiar and Mandy Dias. Ms. Aguiar and Ms. Dias both invoked their 5th amendment rights to the court.

While attempting to keep Ms. Dias under control, Officer Madonna noticed that a hostile crowd began surrounding him. He recollects that the crowd was yelling, while some people in the crowd were grabbing at him trying to prevent his restraint of Ms. Dias. At this point Officer Madonna then began to swing his arm towards the crowd in attempt cause persons grabbing at him to back away. Officer Madonna felt his elbow make contact with someone, he believes now that he made contact with Mr. White based on Mr. White's position in the crowd and his sustained injury.

Officer Gouveia's report confirms that upon his arrival he witnessed Ms. Dias yelling and inciting a riot with the crowd. He further verifies with Officer Madonna's testimony that while assisting in the arrest of Ms. Dias, Mr. White stepped forward from the crowd and yelled aggressively at the officers. In an attempt to prevent other patrons in the crowd from becoming hostile Officers Gouveia, Madonna, and Loo attempted to arrest Mr. White, who tightly crossed his arms in front of his chest to resist arrest. The three officers assert that they then had to force Mr. White's arms behind his back to effectuate the arrest while he continued to resist in this manner.

Criminal charges were issued against Ken White, which were thereafter dismissed due to the Commonwealth not being ready for trial (according to the criminal docket).

Lieutenant John DeMello was working in the department of professional Standards at this time and was assigned to complete an internal investigation based oncivilian complaints due to this incident. Lieutenant DeMello completed this investigation according to Standard Operating Procedure. His investigation lasted four to five weeks in

which he reviewed the following materials: Officer Eric Madonna's personnel file, official statements made by all the officers at the scene including officers Madonna, Smith and Gouveia, the arrest report completed by Officer Gouveia, and lastly interviews that were conducted with Ken White, Kevin Leonardo, Diane Aguiar and Lisa Pacheco (Ms. Dias did not return to the station to conduct an interview). After reviewing all the evidence according to proper practice, Lieutenant DeMello determined that all complaints and allegations were either not sustained or unfounded.

## II.     Agreed Facts

1.     Plaintiffs Kenneth M. White and Mandy Dias are and have been at all material times residents of Swansea and Fall River, Massachusetts, respectively.

2.     Defendant Eric Madonna was at all times relevant a duly appointed police officer of the City of Fall River, Massachusetts, acting under color of law, statutes, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Fall River.

3.     Defendant City of Fall River, Massachusetts, is a municipal corporation and the public employer of police officer Eric Madonna.

## III.    Contested Issues of Fact

The contested issues of fact in this case are articulated in Plaintiffs' Complaint and Defendants' Answers thereto; that is:

1.     Whether Eric Madonna and the City of Fall River, Massachusetts, violated the civil rights of Kenneth M. White and Mandy Dias pursuant to 42 U.S.C. §1983;

2.     Whether defendant Eric Madonna individually, intentionally and wrongfully committed an assault and battery against Kenneth M. White;

      3.      Whether defendant Eric Madonna individually, intentionally and wrongfully committed an assault and battery against Mandy Dias;

      4.      Whether defendant Eric Madonna individually, intentionally and wrongfully arrested and imprisoned Kenneth M. White;

      5.      Whether defendant Eric Madonna individually, intentionally and wrongfully arrested and imprisoned Mandy Dias;

      6.      Whether Kenneth M. White and Many Dias were falsely and maliciously prosecuted by Eric Madonna under color of law;

      7.      Whether the City of Fall River adequately and sufficiently supervised Eric Madonna in accordance with its Rule and Regulations for the Government of the Police Department;

      8.      Whether the City of Fall River adequately and sufficiently investigated the complaint filed against Eric Madonna by Kenneth M. White in accordance with its Rule and Regulations for the Government of the Police Department;

      9.      Whether Kenneth M. White and Many Dias suffered harm to mind and body as a result of the wrongful acts of Eric Madonna and the City of Fall River.

**IV.**    **Unusual Issues of Law**

None.

**V.**    **Estimated Length of Trial**

Three to four days.

**VI.**     **Witnesses**

A.     <u>Plaintiff Kenneth M. White's Proposed Witnesses</u>:

    1.     Kenneth M. White
        122 Ocean View Avenue
        Swansea, MA 02777

Mr. White is a plaintiff in this case and is familiar with the facts, circumstances and claims alleged.

    2.     Mandy Dias
        34 Watson Street
        Fall River, MA 02721

Ms. Dias is a plaintiff in this case and is familiar with the facts, circumstances and claims alleged.

    3.     Eric Madonna
        (Residential Address Unknown)
        Fall River Police Department
        685 Pleasant Street
        Fall River, MA  02721

Mr. Madonna is an officer in the Fall River Police Department.  He is a defendant in this case and is familiar with the facts, circumstances and claims alleged.

    4.     James Smith
        Fall River Police Department
        685 Pleasant Street
        Fall River, MA  02721

Mr. Smith is an officer in the Fall River Police Department.   Mr. Smith was present as a companion of defendant Eric Madonna at the place, day and time when the events alleged in the Complaint occurred.  On information and belief, Mr. Smith is familiar with the facts and circumstances alleged.

    5.     Kevin Leonardo
        1901 Milk Street
        Dighton, MA   02715

Mr. Leonardo is an individual who was involved in a disturbance with defendant Eric Madonna at the place, day and time when the events alleged in the Complaint occurred.  On information and belief, Mr. Leonardo is familiar with the facts and circumstances alleged.

    6.      Diane Aguiar
            Address Unknown

Ms. Aguiar is an administrative employee of the Fall River Police Department. Ms. Aguiar was present as a companion of defendant Eric Madonna at the place, day and time when the events alleged in the Complaint occurred. On information and belief, Ms. Aguiar is familiar with the facts and circumstances alleged.

    7.      Lisa Pacheco
            Address Unknown

Ms. Pacheco is an individual who was present as a companion of defendant Eric Madonna at the place, day and time when the events alleged in the Complaint occurred. On information and belief, Ms. Pacheco is familiar with the facts and circumstances alleged.

    8.      David Gouveia
            Fall River Police Department
            685 Pleasant Street
            Fall River, MA  02721

Mr. Gouveia is an officer in the Fall River Police Department. Mr. Gouveia was the police officer who responded to an incident at the place, day and time when the events alleged in the Complaint occurred. Mr. Gouveia filed an arrest report concerning the incident.

    9.      James Loos
            Fall River Police Department
            685 Pleasant Street
            Fall River, MA  02721

Mr. Loos is an officer in the Fall River Police Department. On information and belief, Mr. Loos was present at the place, day and time when the events alleged in the Complaint occurred.

    10.     Michael Fogarty
            Fall River Police Department
            685 Pleasant Street
            Fall River, MA  02721

Mr. Fogarty is an officer in the Fall River Police Department. On information and belief, Mr. Fogarty was present at the place, day and time when the events alleged in the Complaint occurred.

      11.      John DeMello
                Fall River Police Department
                685 Pleasant Street
                Fall River, MA  02721

Mr. DeMello is an officer in the Fall River Police Department.  On information and belief, Mr. DeMello is familiar with an internal investigation conducted by the Fall River Police Department into the facts and circumstances alleged in the Complaint.

      12.      Peter Turriani
                Residential AddressUnknown
                Manager/Bartender
                Davol Street Station (tavern)

Mr. Turriani was tending bar in the Davol Street Station tavern on the night of the incident in question.  Mr. Turriani may have information relevant to the incident between Eric Madonna and Kevin Leonardo that occurred inside the premises, as well as the incident that occurred later, outside the premises, between Madonna and plaintiffs.

      13.      Keeper of Records
                Saint Anne's Hospital
                Fall River, Massachusetts

Plaintiff Kenneth M. White reserves the right to call all witnesses of the Defendant's as her own and agrees to notify Defendants of any additional witnesses prior to trial.  Plaintiff Kenneth M. White will not call for expert witness testimony at trial.

B.      <u>Plaintiff Mandy Dias' Proposed Witnesses</u>:

Plaintiff Mandy Dias adopts and incorporates here by reference plaintiff Kenneth M. White's list of witnesses.

      And, in addition:

      1.      Keeper of Records
               Charlton Memorial Hospital
               Fall River, MA

Plaintiff Mandy Dias reserves the right to call all witnesses of the Defendant's as her own and agrees to notify Defendants of any additional witnesses prior to trial.

Plaintiff Many Dias will not call for expert witness testimony at trial.

C. Defendants Eric Madonna' and City of Fall River's Proposed Witnesses

1. Lisa Pacheco
   6 Wollcott Avenue
   Dartmouth, MA 02747

   Phone Number: Unknown; Expected to Testify

2. Eric Madonna
   Fall River Police Department
   685 Pleasant Street
   Fall River, MA

   Phone Number: 508-676-8511; Expected to Testify

3. James Smith
   Fall River Police Department
   685 Pleasant Street
   Fall River, MA

   Police Number: 508-676-8511; Expected to Testify

4. James Loos
   Fall River Police Department
   685 Pleasant Street
   Fall River, MA

   Phone Number: 508-676-8511; Expected to Testify

5. David Gouveia
   Fall River Police Department
   685 Pleasant Street
   Fall River, MA

   Phone Number: 508-676-8511; Expected to Testify

6. Michael Fogarty
   Fall River Police Department
   685 Pleasant Street
   Fall River, MA

   Phone Number: 508-676-8511; Expected to Testify

       7.       John DeMello
               Fall River Police Department
               685 Pleasant Street
               Fall River, MA

               Phone Number: 508-676-8511; Expected to Testify

       8.       Tom Burns
               Fall River Police Department
               685 Pleasant Street
               Fall River, MA

               Phone Number: 508-676-8511; Expected to Testify

**VII.**    **Proposed Exhibits**

A.    <u>Plaintiff Kenneth M. White's Proposed Exhibits</u>:

       1.       Defendant Eric Madonna's personnel records as maintained by the Fall River Police Department and/or defendant City of Fall River.

       2.       Records of individual citizen complaints filed against Eric Madonna with the Fall River Police Department between 1997 and 2002.

       3.       Documents and materials in the nature of guidelines, directives, policy statements, procedural manuals, and training materials, without exclusion, maintained by the Fall River Police Department concerning police policy, custom and practice, including discipline of police officers generally.

       4.       Arrest Report concerning the incident alleged in the Complaint filed by Fall River Police Officer David Gouveia on April 27, 2002.

       5.       The report of the internal investigation by the Fall River Police Department and/or defendant City of Fall River into the incident that is the basis of this Complaint.

6. Audio tape of the testimony Lisa Pacheco conducted by the Fall River Police Department in context of its internal investigation into the incident that is the basis of this Complaint.

7. Audio tape of the testimony Daine Aguiar conducted by the Fall River Police Department in context of its internal investigation into the incident that is the basis of this Complaint.

8. Audio tape of 911 telephone calls and inter-department radio communications concerning the incident that is the basis of this Complaint.

9. Medical records and bills concerning plaintiff Kenneth M. White's injuries sustained as a result of the incident alleged in the Complaint.

10. Color photographs that fairly and accurately depict plaintiff Kenneth M. White's injuries sustained as a result of the incident alleged in the Complaint.

11. Color photographs of plaintiff Kenneth M. White taken in the station house on the night of his arrest by Fall River Police Detective Tim Albin.

12. Transcripts of Magistrate's Hearing, Fall River District Court, September-October 2002, in the matter of <u>Mandy Dias vs. Eric Madonna and another</u>, and <u>Kenneth White vs. Eric Madonna and another</u>.

13. Transcript of defendant Eric Madonna's deposition testimony.

B. <u>Plaintiff Mandy Dias' Proposed Exhibits</u>:

Plaintiff Mandy Dias adopts and incorporates here by reference plaintiff Kenneth M. White's list of exhibits.

In addition:

  14. Medical records and bills concerning plaintiff Mandy Dias' injuries sustained as a result of the incident alleged in the Complaint.

C. <u>Defendants Eric Madonna and City of Fall River's Proposed Exhibits</u>

  1. Certified Criminal Docket of Kenneth White.

  2. Certified Criminal Docket of Kevin Leonardo.

  3. Certified Criminal Docket of Mandy Dias.

  4. Certified Criminal Docket of Diane Aguiar.

  5. Certified Criminal Docket of Eric Madonna.

  6. Booking Photosof Defendant Mandy Dias taken by Officer Tom Burns at on April 27, 2002.

  7. All booking document of Plaintiff Kenneth M. White and Mandy Dias from April 27, 2002.

  8. Medical records concerning Defendant Eric Madonna's injuries sustained as a result of the incident.

  9. Medical records and bills concerning Plaintiff Kenneth M. White's injuries sustained as a result of the incident alleged in the Complaint.

  10. Medical records and bills concerning Plaintiff Mandy Dias' injuries sustained as a result of the incident.

  11. Audio tape of the testimony of Diane Aguiar conducted by the Fall River Police Department in context of its internal investigation into the incident that is the basis of this complaint.

  12. Audio tape of 911 telephone calls and inter-department radio communications concerning the incident that is the basis of this complaint.

13. Documents and materials in the nature of guidelines, directives, policy, statements, procedural manuals, and training materials, without exclusion maintained by the Fall River Police Department concerning police policy, custom and practice.

14. Transcripts of Magistrate's Hearing, Fall River District Court, September-October 2002, in the matter of Mandy Dias vs. Eric Madonna and Kenneth White vs. Eric Madonna.

15. Transcript of Defendant Eric Madonna's deposition testimony.

16. Color photographs of Plaintiff Kenneth M. White taken in the station house on the night of his arrest and those photographs that depict injuries sustained as a result of the incident alleged in the complaint.

## VIII. Defendants' Miscellaneous Motions and Objections

1. Defendants have motioned the Court for sanctions against Plaintiff Mandy Dias, pursuant to Fed.R.Civ.Pr. 37(b)(2), for failure to obey the Court's order of August 22, 2007 concerning discovery. To this date, Plaintiff Mandy Dias has not produced any of the documents requested in the Defendants' Request for Production of Documents. Plaintiff Mandy Dias has willfully disobeyed the Court's order to answer Defendants document requests. Defendants now seek an order entering judgment against Plaintiff MandyDias and such other relief as the Court deems fair and just with respect to Fed.R.Civ.Pr. 37(b)(2).

2. Defendants object to the evidence identified in the pretrial memorandum by Kenneth White to the extent it represents required pretrial disclosures. Further, Plaintiffs failed to comply with the thirty (30) day requirement pursuant to Fed.R.Civ.Pr. 26(a)(3). Further, virtually all exhibits proposed by Plaintiffs violate the Federal Rules ofEvidence.

This objection is made pursuant to Local Rule 16.5(D)(12) and Fed.R.Civ.Pr. 26(a)(3). Defendants object to introducing as evidence any deposition testimony or other exhibits proposed by Plaintiffs because Plaintiffs have failed to suggest or establish their burden to circumvent the rules on hearsay evidence.

Respectfully Submitted,

Plaintiff Kenneth M. White,
By His Attorneys,

BEAUREGARD, BURKE & FRANCO

/s/ James Hodgson_____
PHILIP N. BEAUREGARD BBO#034780
JAMES HODGSON  BBO#656231
P.O. Box 952
New Bedford, MA  02741-0952
(508) 993-0333

Plaintiff Mandy Dias,
By Her Attorney,

/s/ Brian Corey, Jr._____
BRIAN COREY, JR. BBO#632973
1041 Main Road
Westport, MA 02790
(508) 636-8861

The Defendants,
By Their Attorneys

/s/ Gary Howayeck_____
GARY HOWAYECK  BBO#
Assistant Corporation Counsel
City of Fall River
Fall River, MA
(508) 676-6666

Dated:  November 16, 2007