UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10991-NG

| | |
|---|---|
| KENNETH M. WHITE and MANDY DIAS | ) ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| ERIC MADONNA and CITY OF FALL RIVER, | ) ) |
| | ) |
| Defendants | ) |

**PLAINTIFFS MOTION IN LIMINE TO PRECLUDE EVIDENCE
OF KEVIN LEONARDO'S CRIMINAL ARREST AND CONVICTION**

Plaintiffs Kenneth M. White and Mandy Dias move *in limine* to preclude Defendants from offering real evidence and/or testimony with respect to, or otherwise referring to (in their opening, closing, or otherwise in the jury's presence) the arrest and conviction of Kevin Leonardo, an uninvolved party to the incident that is the subject of this lawsuit.

In support of this motion, Plaintiffs refers Defendants Eric Madonna's and City of Fall River's statement of the expected evidence included in the parties' pre-trial memorandum which describes in detail an altercation between Defendant Eric Madonna and an individual named Kevin Leonardo that occurred inside the Davol Street tavern well before the incident that is the subject of this lawsuit. Said altercation allegedly led to the ultimate arrest and conviction of Leonardo.

Evidence must be relevant in order to be admissible. Green v. Richmond, 369 Mass. 47, 59 (1975). In order to be considered relevant, the evidence must have a "rational tendency to prove an issue in the case." Commonwealth v. Fayerweather, 406 Mass. 78, 83 (1989), quoting Commonwealth v. Chretien, 383 Mass. 123, 136 (1981). "The concept of relevancy...has two components: (1) the evidence must have some tendency to prove or disprove a particular fact, and (2) that particular fact must be material to an issue in the case." Liacos, Handbook of Massachusetts Evidence § 4.1.1, at 106 (8th ed. 2007). ed. 2007). Evidence must be relevant in order to be admissible. Green v. Richmond, 369 Mass. 47, 59 (1975). Under such standards, the record of Leonardo's arrest and conviction is irrelevant to the issues at trial in this case.

For these reasons, Plaintiff requests that the motion *in limine* to preclude evidence of the arrest and conviction of Kevin Leonardo, an uninvolved party to the incident that is the subject of this lawsuit, be ALLOWED.

Plaintiff Kenneth M. White,
By His Attorneys,

BEAUREGARD, BURKE & FRANCO

  /s/ James Hodgson
PHILIP N. BEAUREGARD BBO#034780
JAMES HODGSON BBO#656231
P.O. Box 952
New Bedford, MA  02741-0952
(508) 993-0333

Dated:  11/20/07