UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10991-NG

| | |
|---|---|
| KENNETH M. WHITE and MANDY DIAS | ) ) ) |
| Plaintiff | ) ) |
| vs. | ) ) |
| ERIC MADONNA and CITY OF FALL RIVER, | ) ) ) |
| Defendants | ) |

**PLAINTIFFS MOTION IN LIMINE TO PRECLUDE EVIDENCE
OF DEFENDANT ERIC MADONNA'S ATTENDANCE AT A CHARITY EVENT
EARLIER IN THE EVENING**
_____

Plaintiffs Kenneth M. White and Mandy Dias move *in limine* to preclude Defendants from offering real evidence and/or testimony with respect to, or otherwise referring to (in their opening, closing, or otherwise in the jury's presence) Defendant Eric Madonna's attendance at a charity event at a time earlier in the evening on the date of the incident that is the subject of this lawsuit.

During his deposition testimony, Defendant Eric Madonna testified as to his brief attendance at a charity function in support of the "Make-A-Wish Foundation" earlier in the evening on the date of the incident that is the subject of this lawsuit. (Exh. 1, p. 104) Such activity is not relevant to the trial issues in this case and may have a tendency to prejudice the jury.

Evidence must be relevant in order to be admissible. Green v. Richmond, 369 Mass. 47, 59 (1975). In order to be considered relevant, the evidence must have a "rational

tendency to prove an issue in the case." Commonwealth v. Fayerweather, 406 Mass. 78, 83 (1989), quoting Commonwealth v. Chretien, 383 Mass. 123, 136 (1981). "The concept of relevancy...has two components: (1) the evidence must have some tendency to prove or disprove a particular fact, and (2) that particular fact must be material to an issue in the case." Liacos, Handbook of Massachusetts Evidence § 4.1.1, at 106 (8th ed. 2007). ed. 2007). Evidence must be relevant in order to be admissible. Green v. Richmond, 369 Mass. 47, 59 (1975).  Under such standards, Madonna's attendance at a charity event earlier in the evening is irrelevant to the issues at trial in this case.

For these reasons, Plaintiff requests that the motion *in limine* to preclude evidence of Defendant Eric Madonna's attendance at a charity event at a time earlier in the evening on the date of the incident that is the subject of this lawsuit be ALLOWED.

        Plaintiff Kenneth M. White,
By His Attorneys,

BEAUREGARD, BURKE & FRANCO

/s/ James Hodgson
PHILIP N. BEAUREGARD BBO#034780
JAMES HODGSON BBO#656231
P.O. Box 952
New Bedford, MA  02741-0952
(508) 993-0333

Dated:  11/20/07