UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10991-NG

_____

KENNETH M. WHITE and )
MANDY DIAS, )
                     )
       Plaintiffs )
                     )
vs. )
                     )
ERIC MADONNA and CITY OF )
FALL RIVER, )
                     )
_____Defendants_____ )

DEFENDANT'S MOTION IN LIMINE

       Defendants Eric Madonna and the City of Fall River, by their attorney, move in

limine to exclude from evidence the plaintiff's following proposed exhibits:

       13. Transcript of defendant Eric Madonna's deposition testimony.

In support of this motion, defendants submit the accompanying Memorandum In Support.

                                 Respectfully Submitted,
                                   Eric Madonna and
                                   The City of Fall River
                                   By their Attorney,

                                   _____
                                   Gary P. Howayeck, Esq.
                                   1 Government Center
                                   Fall River, MA 02720
                                   BBO# 630053
                                   (508) 676-6666 Phone
                                   (508) 674-3610 Fax

November 20, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10991-NG

_____
KENNETH M. WHITE and          )
MANDY DIAS,                    )
                              )
        Plaintiffs            )
                              )
vs.                           )
                              )
ERIC MADONNA and CITY OF      )
FALL RIVER,                   )
                              )
        Defendants_____ )

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION IN LIMINE

Defendants submit this memorandum in support of their motion to bar plaintiffs

Kenneth M. White and Mandy Dias from making any presentation or reference to the

jury regarding the following proposed exhibit:

13. Transcript of defendant Eric Madonna's deposition testimony.

The basis of this motion is Federal Rules of Evidence 403, 404 and 801.

Defendants anticipate that the plaintiffs Kenneth M. White and Mandy Dias will

offer evidence regarding the above-described Deposition of Eric Madonna. See Joint Pre-

Trial Memorandum, section on Plaintiff's Exhibits. This information is hearsay and

should not be admitted.

The grounds for exclusion of the said evidence are as follows:

1.  The defendants conclude that the said evidence is unfairly prejudicial under

    Fed. R. Evid. 403 as well as anticipate that the records will be used as

character evidence against the defendant Eric Madonna which is barred under Fed. R. Evid. 404 and further

    a.   The defendants take the position that the risk of unfair prejudice outweighs the probative value that this evidence provides. The deposition of the defendant contains much information that is not relevant to this case or otherwise admissible. The plaintiffs' attorneys inquired into Mr. Madonna's life history, personal and family life as well as other work related incidence that in no way pertain or would assist the jury in making a decision in this case. To allow the jury to hear such information would be unfairly prejudicial, creating in the minds of the jury a picture of the defendant that is untrue and unfounded.

    b.   Further, it is likely that the plaintiffs may try to use the not relevant, prejudicial information in the deposition for the purpose of asserting that the defendant acted in conformity with his alleged character on a particular occasion. Use of this evidence for purposes of propensity of character is not allowed under Fed. R. Evid. 404(a) and (b). Particularly, even if such type of character evidence would be admissible it must be in the form of opinion or reputation as defined in Fed. R. Evid. 405 not in the form of specific instances as the plaintiffs are attempting to do with admission of this evidence.

2. The defendants also take the position that the evidence is hearsay as defined by Fed. R. Evid. 801 to which there is no exception.

a. The statements made by defendant Eric Madonna are assertions made out of court, in preparation for litigation to which the plaintiffs will attempt to use to prove truth in the assertions.

b. The defendants would also like to point out that if the court should admit this hearsay evidence under Fed. R. Evid. 801(d)(2) statements made by party opponents the defense asks the court to consider the fact that much of the information in the deposition is irrelevant to the case at hand and would only serve to cause unfair prejudice to the defendant.

3. The Deposition was not signed by Mr. Madonna, was not reviewed by Mr. Madonna, was not signed by a notary, and all objections we solely to the form of the question as the parties at the time of deposition did not intend to use this as evidence unto itself, otherwise all objections would have been raised at such deposition.

In view of the inadmissibility of this hearsay information and the prejudice to the defendants that would result if it were presented to the jury, defendants submit that this motion be granted and that plaintiffs Kenneth M. White and Mandy Dias be barred from raising in front of the jury any evidence regarding the deposition of defendant Eric Madonna's deposition testimony. If the court should decide that the evidence is not hearsay the defense asks that the court limit the use of information to statements only relating to the incident which is the basis of this trial.

Respectfully Submitted,
Eric Madonna and
The City of Fall River
By their Attorney,

_____

Gary P. Howayeck, Esq.
1 Government Center
Fall River, MA 02720
BBO# 630053
(508) 676-6666 Phone
(508) 674-3610 Fax

November 20, 2007