UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10991-NG

KENNETH M. WHITE and )
MANDY DIAS, )
 )
    Plaintiffs )
 )
vs. )
 )
ERIC MADONNA and CITY OF )
FALL RIVER, )
 )
    Defendants )

## DEFENDANT'S MOTION IN LIMINE

Defendants Eric Madonna and the City of Fall River, by their attorney, move in limine to exclude from evidence the plaintiff's following proposed exhibits:

6. Audio tape of the testimony of Lisa Pacheco conducted by the Fall River Police Department in the context of its internal investigation into the incident that is the basis of this Complaint.

7. Audio tape of the testimony of Diane Aguiar conducted by the Fall River Police Department in context of its internal investigation into the incident that is the basis of this Complaint.

In support of this motion, defendants submit the accompanying Memorandum In Support.

    Respectfully Submitted,
    Eric Madonna and
    The City of Fall River
    By their Attorney,

_____

Gary P. Howayeck, Esq.
1 Government Center
Fall River, MA 02720
BBO# 630053
(508) 676-6666 Phone
(508) 674-3610 Fax

November 20, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10991-NG

| | |
|---|---|
| KENNETH M. WHITE and MANDY DIAS, | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) ) |
| ERIC MADONNA and CITY OF FALL RIVER, | ) ) ) |
| Defendants | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

Defendants submit this memorandum in support of their motion to bar plaintiffs Kenneth M. White and Mandy Dias from making any presentation or reference to the jury regarding the following proposed exhibits:

6. Audio tape of the testimony of Lisa Pacheco conducted by the Fall River Police Department in the context of its internal investigation into the incident that is the basis of this Complaint.

7. Audio tape of the testimony of Diane Aguiar conducted by the Fall River Police Department in context of its internal investigation into the incident that is the basis of this Complaint.

The basis of this motion is Federal Rules of Evidence 403, and 801.

Defendants anticipate that the plaintiffs Kenneth M. White and Mandy Dias will offer evidence regarding audio taped testimony of Lisa Pacheco and Diane Aguiar conducted by the Fall River Police Department in the context of its internal investigation

as to the basis of this complaint. See Joint Pre-Trial Memorandum, section on Plaintiff's Exhibits. This information is hearsay and should not be admitted.

The grounds for exclusion of the said evidence are as follows:

1. In regards to the audio testimony of Lisa Pacheco the defendants take the following position.

    a. The audio tapes of her testimony conducted for internal investigation are hearsay in that they are out of court statements made by a declarant that make and assertion about the events of the night in question and will likely be used to prove truth of said events.

    b. The defendant's recognize that under Fed. R. Evid. 801(d)(1) prior statements by witness are not considered hearsay if the declarant is present at trial, testifies and subject to cross-examination on their statement. However, the defendants would like to point out that Ms. Pacheco's prior statements may only be used if they are consistent with her testimony at trial seeing that under Fed. R. Evid. 801(d)(1)(A) prior inconsistent statements are only admissible hearsay if the statements were made under oath, which Ms. Pacheco's statements were not.

2. In regards to the audio testimony of Diane Aguiar the defendant's take the following position.

    a. The audio tapes of her testimony conducted for internal investigation are hearsay in that they are out of court statements made by a declarant that make and assertion about the events of the night in question and will likely be used to prove truth of said events.

    b.  The defendant's recognize that under Fed. R. Evid. 801(d)(1) prior statements by witness are not considered hearsay if the declarant is present at trial, testifies and subject to cross-examination on their statement. It is evident from the list of proposed witness that Ms. Aguiar is not expected to testify at trial and therefore her testimony is not admissible under this rule. Further, if the court should find that the plaintiffs made a good faith effort to obtain Ms. Aguiar's presence or testimony and in being unable to do so determine her to be unavailable as defined in Fed. R. Evid 804(a), the defendants assert that her testimony is still inadmissible hearsay. Fed. R. Evid. 804(b)(1) only allows former testimony if a predecessor in interest had the opportunity and similar motive to develop the testimony by direct, cross, or redirect examination which did not happen in this situation.

In view of the inadmissibility of this hearsay information and the prejudice to the defendants that would result if it were presented to the jury, defendants submit that this motion be granted and that plaintiffs Kenneth M. White and Mandy Dias be barred from raising in front of the jury any evidence regarding the audio tape testimony of Diane Aguiar and that they be limited to only bringing up prior testimony that is consistent with her expected testimony at the trial.

                              Respectfully Submitted,
                              Eric Madonna and
                              The City of Fall River
                              By their Attorney,

                              _____
                              Gary P. Howayeck, Esq.

                                      1 Government Center  
                                      Fall River, MA 02720  
                                      BBO# 630053  
                                      (508) 676-6666 Phone  
                                      (508) 674-3610 Fax

November 20, 2007